FILED
2022 Nov-28  AM 09:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **ELEANOR HOWARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **ALEJANDRO N. MAYORKAS,** | ) | |
| **SECRETARY, DEPARTMENT OF** | ) | |
| **HOMELAND SECURITY (Federal** | ) | |
| **Emergency Management Agency)** | ) | |
| | ) | **PLAINTIFF DEMANDS A** |
| **Defendant.** | ) | **TRIAL BY STRUCK JURY** |

---

## COMPLAINT

---

### PARTIES

1. Plaintiff, Eleanor Howard, is an African-American female at least 40 years old, is a citizen of the United States of America, and is a resident of Hueytown, Alabama. At all times relevant to this suit, Howard was employed as an Ordering Manager for the United States Department of Homeland Security ("FEMA").

2. Defendant, Alejandro N. Mayorkas, is the current Secretary of the Department of Homeland Security.

3. Defendant FEMA employs more than Five Hundred (500) employees.

4. Defendant FEMA by and through its agents and/or supervisors on the dates and times complained of and is currently an entity doing business in Anniston, Alabama.

### JURISDICTION

5. The Court has jurisdiction over the lawsuit because the suit arises under 42 U.S.C. §1981 for violations of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as

amended; 42 U.S.C. Section 2000e, et seq.;  42 U.S.C. Sections 1981 and 1981A; 42 U.S.C. 2000e-5(b), 42 USCS §§ 12101, 12102 et seq.; and 29 U.S.C. 626, providing for injunctive and other relief against race and sex discrimination and racial harassment and retaliation and reprisal.

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

## **VENUE**

7.      Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. §7703(b)(2); as Plaintiff lives in and is employed by FEMA in this judicial district, Plaintiff's employment records are maintained by Defendant in this judicial district and possibly other locations, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district or communicated to the Plaintiff and enforced by the Agency in this judicial district.

8.      On March 8, 2018, Plaintiff Eleanor Howard timely filed a charge of discrimination (Charge No.: 451-2020-00009X) against the defendant, Department of Homeland Security, with the Equal Employment Opportunity Commission ("EEOC").

9.      On August 12, 2020, Administrative Judge Nancy E. Graham of the Houston District Office of the EEOC issued her Final Decision granting the Department of Homeland Security's ("Agency") Motion for a Decision Without a Hearing.

10.     On October 3, 2020, Plaintiff Eleanor Howard timely filed an appeal (Appeal No.: 2021000688) of the Administrative Judge's order granting the Agency's Motion for a Decision Without a Hearing Agency with the EEOC's Office of Federal Operations ("OFO").

11.    On August 29, 2022, the OFO issued its decision on appeal affirming the Administrative

Judge's Final Decision, accepting the Administrative Judge's dismissal of Plaintiff's

complaint and issuing Plaintiff a Notice of Right to File a Civil Action.

12.    Plaintiff files this complaint within 90 days of receiving the Notice of Right to File a

Civil Action from the OFO.

13.    A copy of the Notice of Right to File a Civil Action is attached as Exhibit A.

## STATEMENT OF FACTS

14.    Plaintiff, Eleanor Howard, brings this action pursuant to Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981, and 1981A.; 42

U.S.C. 2000e-5(b), The Equal Pay Act, 29 U.S.C. § 206(d), Lilly Ledbetter Fair Pay Act

of 2009 and the 14th Amendment to the Constitution of The United States of America to

remedy acts of employment discrimination and retaliation perpetrated against her by

Defendant. Plaintiff contends that Defendant discriminated against her by harassing her

and creating a hostile work environment which included subjecting her to extra and

unfair scrutiny in her day-to-day job assignment because of her race (African-American),

Sex (Female), and color (Black). Plaintiff also contends that Defendant discriminated

against her by subjecting her to unjustified discipline, and a denial of promotional

opportunities, and opportunities for advancement and professional development, pattern

and practice discrimination by repeated acts of discrimination, and pay discrimination by

refusing to salary increases and bonuses given to others outside her protected

characteristics all due to her race, sex, and retaliation for prior EEO activity. Plaintiff

further asserts that Defendant retaliated against her for having complained about such

discrimination and unjustified discipline on her behalf as well as others, including filing a

previous complaint of discrimination that culminated with a determination of discrimination against the Agency and creating a hostile working environment for her causing pain suffering, mental anguish, stress, and a general decline in her overall health. All as a direct result of the Agency's discriminatory treatment and retaliation.

15.     From August 2017 through July 2018, Plaintiff Eleanor Howard handled more than 400 purchases totaling more than $407,000.00 with less than 5 percent errors.

16.     Plaintiff Eleanor Howard's purchases were consistently timely.

17.     Plaintiff Eleanor Howard was the highest performing purchase card holder, which was her duty during all times relevant to this complaint.

18.     On or about January 11, 2018, Gail LeStourgeon, Ordering Unit Lead FEMA issued Plaintiff Eleanor Howard a negative and false performance evaluation.

19.     Simultaneously with the false evaluation, LeStourgeon also issued Plaintiff Howard an immediate notice of demobilization (discharge from the unit) with no prior consultation or basis for the discharge.

20.     The stated FEMA EEO policy in place at all times relevant to this complaint is that it "neither accepts nor tolerates any policy, procedure, and/or practice with the intention of disadvantaging any persons or groups based on race, color, religion, sex, national origin, age (over 40), disability, genetic information, reprisal, or sexual orientation. It is unlawful to discriminate against any employee, applicant for employment, or customer under one or more of the protected bases". (FEMA Office of Equal Rights Policy 401-123-1 ¶ III. "Policy Statement" October 13, 2015).

21.     Plaintiff Howard has worked with FEMA since 2006. Her line supervisor at all times relevant to this complaint was Daryl Carpenter, Logistics Chief, and her first- and

second-line supervisors on the deployment of issue were Gail LeStourgeon – Unit Manager, and Betty Sarrels – Ordering Manager.

22.     Management was aware of Plaintiff's race and color as they worked together on-site, and Gail LeStourgeon was aware of her prior EEO activity at all times relevant to this complaint.

23.     Before January 11, 2019, Gail LeStourgeon asked Plaintiff Eleanor Howard and coworker Karen Bradshaw to complete a performance evaluation.

24.     Plaintiff Eleanor Howard responded to LeStourgeon advising that the evaluation requested was to be completed by the IMAT department, as it is specific to that team but was directed by Supervisor Gail LeStourgeon to complete it anyway.

25.     Plaintiff Eleanor Howard submitted a follow-up response to LeStourgeon as requested, noting that the requested form was to be completed by the supervisor.

26.     After receiving no adjustment of the form based on her request for a correction, Plaintiff Eleanor Howard ultimately completed the evaluation form. She submitted the form as requested by her supervisor Gail LeStourgeon.

27.     After receiving the evaluation, Gail LeStourgeon added several negative additions. However, LeStourgeon failed to address the negative additions with Plaintiff Eleanor Howard, effectively denying Howard the opportunity for response or correction as required by the Agency's protocol for evaluations before the dispersion of the evaluations.

28.     Plaintiff Eleanor Howard contacted Nancy McCaskey, another Agency Supervisor, seeking clarification and confirmation that the evaluation was submitted on an inappropriate form and that the negative additions by LeStourgeon were improper.

29.     Instead of addressing Plaintiff Eleanor Howard's concerns, Nancy McCaskey forwarded her concerns directly back to Gail LeStourgeon. McCaskey gave LeStourgeon approval to use whatever form she wanted to despite Agency rules and regulations.

30.     Gail LeStourgeon then forwarded Nancy McCaskey's response to Plaintiff Eleanor Howard with no comment or resolution of her concerns.

31.     Plaintiff Eleanor Howard then contacted the EEO department "ERO" about the discrimination and the demobilization date included with the evaluation.

32.     Plaintiff Eleanor Howard inquired through ERO when and whether she was supposed to leave the premises based on the unwarranted and unjustified demobilization date included with the adverse evaluation.

33.     In response to Plaintiff Eleanor Howard's complaint and inquiry, the ERO Chief of Staff informed Howard to keep doing a good job.

34.     Plaintiff Eleanor Howard knows supervisors must follow a process through the chain of command for demobilization. However, Gail LeStourgeon did not follow that process on the demobilization date submitted with Plaintiff Howard's false evaluation.

35.     Plaintiff Eleanor Howard also clarified that LeStourgeon and/or others entered the demobilization date listed on her documentation. Further, that Plaintiff had no authority to list a demobilization date on her own.

36.     Eventually, Ms. McCaskey uploaded the evaluation written by Ms. LeStourgeon to the FEHR (Federal Employee Human Resources); however, McCaskey didn't initially include Plaintiff Eleanor Howard's rebuttal.

37.     Plaintiff Eleanor Howard followed up with Nancy McCaskey about the missing rebuttal. Plaintiff Howard resent the rebuttal to McCaskey, and she finally uploaded it.

38.    Plaintiff Eleanor Howard performed over and above her assigned duties; therefore, the negative additions to her evaluation by Gail LeStourgeon were patently false. Similarly situated individuals outside of Howard's protected classes received evaluations and were not demobilized. Gail LeStourgeon's negative evaluations were based solely on race and sex discrimination and reprisal for Plaintiff Howard's prior and ongoing EEO activity.

39.    Plaintiff Eleanor Howard's race and color were motivating factors in her discriminatory treatment by LeStourgeon and others, exemplified by LeStourgeon's pattern and practice of pushing people of color out of the disaster she was managing and the apparent, palpable lack of diversity of the unit as a whole.

40.    Gail LeStourgeon openly treated people of color less favorably than whites under her supervision and avoided working with people of color that were present.

41.    On one occasion, Gail LeSturgeon openly overruled a black female manager during a staff meeting by shouting out, incorrectly, that a settled policy for rental cars "GARS"[1] could be disregarded over the black female manager's correct recitation of the policy based on her thirty (30) years' experience.

42.    Plaintiff Eleanor Howard requested, on multiple occasions, that LeStourgeon sign off on Howard's Performance Task Book (PTB) as her coach evaluator during the deployment, but LeStourgeon refused.

43.    Because LeStourgeon would not sign off on Plaintiff's Task Book(s) as she routinely did for others outside Plaintiff Howard's protected characteristics, Howard was ineligible for regular raises, promotions, bonuses, and/or other benefits due to this pattern and practice of discrimination and retaliation.

---

[1] A contract component specific to insurance.

44.    Gail LeStourgeon consistently ignored Plaintiff Howard's IS 225 (self-evaluation) form, which Howard sent her outlining the performance rating Howard deserved.

45.    When LeStourgeon finally returned the form, she again included false ratings below what Plaintiff Howard's performance deserved.

46.    This constant unfair treatment and scrutiny made Plaintiff Eleanor Howard feel pressured and harassed daily.

47.    As a result of the discriminatory treatment at the hands of Supervisor Gail LeStourgeon, Plaintiff Eleanor Howard became highly nervous, causing one side of her face to become numb, which required her to seek medical treatment.

48.    As a direct and proximate result of said harassment and maltreatment by LeStourgeon, Plaintiff Eleanor Howard was diagnosed with a nerve disorder and requires ongoing medical treatment.

49.    Plaintiff Eleanor Howard learned that Supervisor Gail LeStourgeon inappropriately disclosed to other employees at the deployment that Plaintiff Howard had a history of filing grievances at every disaster deployment.

50.    Plaintiff Eleanor Howard was treated adversely by LeStourgon because of LeStourgeon's knowledge of Howard's prior EEO activity.

51.    Audrey May Batiste, a coworker of Plaintiff, reported that she did not believe LeStourgeon liked black people as a whole and that she had heard comments reinforcing that belief.

52.    Dan Colon white male, Core Ordering Lead, confirmed without inquiry, LeStourgeon told him about Howard's prior EEO complaints when he arrived at the disaster.

53.     Colon confirmed that Howard was very upset upon his arrival and that, based on his experience, this disaster in the region lacked diversity. There was an unusual minimum of minorities in supervisory roles even though there were plenty in the workforce.

54.     Dan Colon indicated he worked with LeStourgeon at a previous disaster in 2008, where he heard the same complaints against LeStourgeon from an African American Core (Bernie Williams) on the team then.

55.     After his arrival, Colon evaluated Plaintiff Howard positively and reflected on her satisfactory performance.

56.     Despite her experience and history of performance as an ordering manager Plaintiff Eleanor Howard was not considered for the Ordering Unit Lead position vacated by LeStourgeon in February. Instead, the job was filled, without a vacancy notice or interviews, by Betty Sarrels (white female), a coworker of Plaintiff Howard. Sarrel's title, at the time of her hiring, was Logistics Management Specialist, not an Ordering Manager like Plaintiff Howard.

57.     Joyce Wanzer (white female), an Ordering Specialist, was unaware anyone else receiving a negative performance review during times relevant to this complaint other than Howard.

58.     Wanzer also confirmed Plaintiff Howard should have received a positive performance evaluation because of the quality and quantity of work she saw Plaintiff produce.

59.     Wanzer also recounted the harassment and retaliation she was subjected to by LeStourgeon when she would not agree to participate in the false characterization of the performance of Plaintiff Howard before LeStourgeon's departure from the disaster.

60.  Wanzer also verified that LeStourgeon subjected Plaintiff Howard to harassment and that management at the disaster, including Sarrels, participated in a pattern of harassment.

61.  Lora Carter (white female), a Management Trainee for the Ordering unit at all times relevant to this complaint, also verified racial animus against African Americans in the team under LeStourgeon and Sarrels.

62.  Carter attested that all the African Americans in the unit were demobilized or sent somewhere else by Gail LeStourgeon before LeStourgen left the unit.

63.  Carter also stated that while Plaintiff Howard was always friendly and cordial, she did not share any information on her EEO situation with her.

64.  Carter also confirms that anyone that was not Caucasian experienced discrimination and harassment by LeStourgeon during the disaster in question.

65.  Carter also attests that Plaintiff Howard was always very detailed and consistent and never did anything out of policy or order.

66.  Carter also added it is a distinct possibility Plaintiff Howard faced these events due to her race and color.

67.  Carter also stated that based on her experience as a supervisor, she never saw anything Plaintiff Howard did that would have been the basis for a negative performance evaluation.

68.  Plaintiff Howard has been subjected to a pattern and practice of discrimination and retaliation since the successful complaint of discrimination and harassment against the agency on June 5, 2017. (EEOC No. 520-2015-00285X).

69.  Plaintiff Howard was subjected to harassment and a hostile work environment based on race and sex discrimination and prior EEO activity by being isolated and left without a

direct supervisor to report to or receive support and guidance from since the first day of her deployment in Austin, Texas in August of 2017 for DR-4332-TX, until the departure of Gail LeStourgeon sometime in February of 2018.

70. Plaintiff Howard has not had a Performance Appraisal logged into her Employee Official Personnel File (EOPF) since she attained her IM CORE status before 2018 based on race and sex discrimination and prior EEO activity at FEMA.

71. Since May 2019, Plaintiff Howard has submitted letters of recommendation to her supervisors from the appropriate sources and uploaded Performance Appraisals as directed by the FEMA personnel department for a raise or salary increase.

72. Those supervisors, including but not limited to Nancy McCaskey, who received the recommendations and supporting documentation, never acknowledged the submissions and failed to add them to Plaintiff Howard's EOPF file as required.

73. The failure of McCaskey and possibly others to properly process and submit Plaintiff's appraisals and supporting documentation prevented Plaintiff Howard from proper consideration for raises and or promotions during all times relevant to this complaint, like her counterparts outside her protected characteristics.

74. Plaintiff's EOPF file also has no record of her Performance Appraisals for her service in disasters in Texas and California, which are also required for an application to be complete and receive full consideration for a raise or promotion within FEMA.

75. As a direct result of the incomplete maintenance of Plaintiff Howard's EOPF file due to retaliation and harassment based on her race, sex, and prior EEO activity, she has no officially approved individual disaster Performance Appraisals to present when applying for promotions or opportunities through USA.JOBS.GOV which automatically

disqualifies her from meeting the basic requirements for consideration for those possible positions and other opportunities.

76.     Plaintiff Howard was discriminated against by the Agency based on her sex by being denied equal pay and compensation and benefits afforded her male counterparts in the same or similar positions during all times relevant to this complaint by not awarding her raises, bonuses, incentive pay, merit raises, and or promotions based on her equal or better performance of her assigned duties as Ordering Manager in violation of Title VII and the Equal Pay Act.

77.     Plaintiff Howard is also being discriminated against and denied equal pay as that of her male counterparts doing the same or similar work by the Agency's failure through its Agents and or managers' refusal to sign off on her Performance Task Book(s), which in turn prevent her from the basic requirements for promotions, bonuses, merit raises, incentive pay and or other benefits received by her male counterparts during all times relevant to this complaint which created and maintained a hostile work environment for her in conjunction with the other discrete ongoing acts of discrimination and retaliation alleged above.

## COUNT I: TITLE VII – RACIAL DISCRIMINATION

78.     The foregoing paragraphs 1-77 are re-alleged and incorporated by reference herein.

79.     This is a suit for racial discrimination under Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, for employment discrimination based on race.

80.     Defendant FEMA through its Agents and/or managers, intentionally discriminated against Plaintiff Howard because of her race, in violation of Title VII, when on or about

September 2017, Gail LeStourgeon ignored Plaintiff Howard's standard request for LeStourgeon to be her coach evaluator for the Texas disaster deployment.

81.    The procedure requested of LeStourgeon by Plaintiff Howard was an essential part of her evaluation process and a basic requirement for support from her supervisor to be successful and to have equal opportunity to be eligible for advancement, which was a part of Defendant's intentionally discriminatory employment practices in violation of Title VII.

82.    Defendant FEMA by failing to support and guide Plaintiff Howard as it did individuals outside her protected characteristics, intentionally discriminated against Plaintiff Howard because of her race in violation of Title VII by not giving her guidance and support in her daily duties and failing to give her interim and final evaluations as required and refusing to assist her in the completion of her Performance Task Book(s) during the Texas disaster deployment.

83.    Defendant FEMA also intentionally discriminated against Plaintiff Howard because of her race in violation of Title VII by not posting the position vacated by LeStourgeon and not giving Plaintiff Howard an interview but instead placing a lesser qualified and less experienced white female in the position based on discrimination and racial animus.

84.    Thus, Defendant FEMA has discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race in violation of the Civil Rights Acts of 1964 and 1991 as amended.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.    Placement in the position(s) in which she would have worked absent defendant FEMA's discriminatory treatment or Front Pay;

b.     Back Pay;

c.     Pre-judgment interest;

d.     Attorneys' fees and Costs; Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

e.     Compensatory damages for loss of wages, failure to promote, and loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, emotional distress, and embarrassment, both past and future; and

f.     Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of TITLE VII and/or to which she may be entitled.

## COUNT II: TITLE VII – SEX DISCRIMINATION

85.     The foregoing paragraphs 1-77 are re-alleged and incorporated by reference herein.

86.     This is a suit for sex discrimination under Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, The Equal Pay Act, 29 U.S.C. § 206(d), and Lilly Ledbetter Fair Pay Act of 2009 for employment discrimination based on sex.

87.     Defendant FEMA by and through its Agents and/or managers, intentionally discriminated against Plaintiff Howard because of her sex, in violation of Title VII, when on or about September 2017, Gail LeStourgeon ignored Plaintiff Howard's standard request for LeStourgeon to be her coach evaluator for the Texas disaster deployment.

88.     Defendant FEMA by failing to support and guide Howard as it did individuals outside her protected characteristics, intentionally discriminated against Plaintiff Howard because of her sex in violation of Title VII by not giving her guidance and support in her daily duties

and failing to give her interim and final evaluations as required and refusing to assist her

in the completion of her Performance Task Book(s) during the Texas disaster deployment

under Defendant's discriminatory employment practices in violation of Title VII.

89.    Defendant FEMA intentionally discriminated against Plaintiff Howard because of her sex

in violation of Title VII by issuing Plaintiff Howard a false and utterly negative

evaluation and then illegally ordering her demobilization from the Texas disaster. At the

same time, there was ample work to be completed, which she was already performing and

capable of finishing when the typical winding down of the disaster occurred.

90.    Thus, Defendant FEMA has discriminated against Plaintiff in the terms and conditions of

Plaintiff's employment because of Plaintiff's sex in violation of the Civil Rights Acts of

1964 and 1991as amended), The Equal Pay Act, 29 U.S.C. § 206(d), and the Lilly

Ledbetter Fair Pay Act of 2009.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.    Placement in the position(s) in which she would have worked absent defendant

FEMA's discriminatory treatment or Front Pay;

b.    Back Pay;

c.    Pre-judgment interest;

d.    Attorneys' fees and Costs; Plaintiff is entitled to an award of attorney fees and

costs under Title VII, 42 U.S.C. §2000e-5(k).

e.    Compensatory damages for loss of wages, failure to promote, and loss of benefits,

including, but not limited to, retirement and pension benefits, mental anguish,

emotional distress, and embarrassment, both past and future; and

f.    Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of TITLE VII and/or to which she may be entitled.

## COUNT III: TITLE VII – RETALIATION AND REPRISAL 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 1981A, and 42 U.S.C. 2000e-5(b)

91.    The foregoing paragraphs 1-77, 79-84, and 86-90 are re-alleged and incorporated by reference herein.

92.    Defendant FEMA by and through its Agents and/or managers, intentionally discriminated against Plaintiff Howard, retaliating against her for her prior EEO activity, in violation of Title VII when on or about September 2017, Gail LeStourgeon ignored Plaintiff Howard's standard request for LeStourgeon to be her coach evaluator for the Texas disaster deployment.

93.    Defendant FEMA by failing to support and guide Plaintiff Howard as it did individuals outside her protected characteristics, intentionally discriminated against Plaintiff Howard because of her prior EEO activity in violation of Title VII by not giving her guidance and support in her daily duties and failing to give her interim and final evaluations as required and refusing to assist her in the completion of her Performance Task Book(s) during the Texas disaster deployment under Defendant's discriminatory employment practices in violation of Title VII.

94.    Defendant FEMA intentionally discriminated against Plaintiff Howard because of her prior EEO activity in violation of Title VII by issuing Plaintiff Eleanor Howard a false and utterly negative evaluation and then illegally ordering her demobilization from the Texas disaster. At the same time, there was ample work to be completed, which she was

already performing and capable of finishing when the typical winding down of the disaster occurred.

95.    Gail LeStourgeon and other managers were aware of Plaintiff Howard's prior EEO activity before or immediately upon her arrival.

96.    LeStourgeon stated to other staff members that Plaintiff Howard had a history of filing EEO grievances at prior deployments.

97.    Ordering Manager Colon confirmed that Plaintiff Howard's EEO history with LeStourgeon was voluntarily disclosed to him upon his arrival at the Texas Disaster despite the confidential nature of an ongoing EEO complaint in the investigative stages.

98.    Thus, Defendant FEMA has discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's prior protected EEO activity in violation of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, for employment discrimination based on prior EEO activity.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.    Placement in the position(s) in which she would have worked absent defendant FEMA's discriminatory treatment or Front Pay;

b.    Back Pay;

c.    Pre-judgment interest;

d.    Attorneys' fees and Costs; Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

  e.  Compensatory damages for loss of wages, failure to promote, and loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, emotional distress, and embarrassment, both past and future; and

  f.  Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of TITLE VII and/or to which she may be entitled.

## COUNT IV: TITLE VII – HOSTILE WORK ENVIRONMENT 42 U.S.C. § 2000E-3(a)

99. The foregoing paragraphs 1-77, 79-84, 86-90, and 92-98 are re-alleged and incorporated by reference herein.

100. Defendant FEMA discriminated and retaliated against Plaintiff Howard by subjecting her to a hostile working environment. From the first day she arrived at the Texas disaster, she was isolated from her immediate supervisor and direct report, presumably LeStourgeon, deliberately and with no legitimate or legal basis for her isolation.

101. LeStourgeon and Sarrels targeted Plaintiff Howard for harassment and discrimination because she was a dark-skinned Black female in an upper management position at the Texas disaster.

102. The constant harassment, unfair and excessive scrutiny through emails and inquiries, and direct confrontations by LeStourgeon at the minimal encounters she had with Plaintiff interfered with Plaintiff Howard's ability to perform her job duties daily.

103. The harassment was so pervasive and consistent that it impaired Plaintiff Howard's physical and mental health to the point that she had to seek medical intervention to be able to continue to do her job effectively.

104. With no alternative, Plaintiff Howard was forced to file her formal complaint of discrimination against LeStourgeon, which is the basis and background for this complaint.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a. Placement in the position(s) in which she would have worked absent defendant FEMA's discriminatory treatment or Front Pay;

b. Back Pay;

c. Pre-judgment interest;

d. Attorneys' fees and Costs; Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

e. Compensatory damages for loss of wages, failure to promote, and loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, emotional distress, and embarrassment, both past and future; and

f. Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of TITLE VII and/or to which she may be entitled.

## COUNT V: EQUAL PROTECTION OF THE LAW Violation of the 14th Amendment to the United States Constitution

105. The foregoing paragraphs 1-77, 79-84, 86-90, 92-98, and 100-104 are re-alleged and incorporated by reference herein.

106. Defendant has denied Plaintiff Howard equal protection of the law in violation of USCS Const. Amend. 14, by refusing to grant her equal employment opportunity without

discriminating against her based on her race and sex, Black and Female, and prior EEO activity.

107.   The Defendant is in ongoing violation of the Fourteenth Amendment for their continued refusal to grant Plaintiff Eleanor Howard a work environment free of harassment, intimidation, and retaliation and equal opportunity for advancement or promotion, material support guidance in the performance of her assigned duties regardless of her race, sex, and prior EEO activity.

108.   In January of 2018, Plaintiff Howard protested to her supervisors, claiming race, sex discrimination, and prior EEO activity as the basis for her non-selection for a promotion, adverse job action of demobilization, an inaccurate and biased performance evaluation, harassment, and being passed over for a competitive unposted promotion, without consideration, by selecting an individual outside her protected class.

109.   Defendant FEMA continues to enforce the unfair discipline and disparate treatment of Plaintiff Howard in retaliation for her current and prior protected EEOC activity and exhibit a pattern and practice of discrimination by repeatedly failing to promote or advance Plaintiff Howard to positions equal to or greater than her current position in both pay and benefits and supervisory duties, despite her undeniable competence and ability to perform in said positions and the availability of said positions within the organization.

110.   Defendant FEMA continues this pattern and practice of discrimination by refusing to assist Plaintiff Howard with supervision, guidance, and cooperation in completing her Performance Task Book, a prerequisite to raises, promotions, and other benefits afforded to others outside her protected classes.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.    Placement in the position(s) in which she would have worked absent defendant

FEMA's discriminatory treatment or Front Pay;

b.    Back Pay;

c.    Pre-judgment interest;

d.    Attorneys' fees and Costs; Plaintiff is entitled to an award of attorney fees and

costs under Title VII, 42 U.S.C. §2000e-5(k).

e.    Compensatory damages for loss of wages, failure to promote, and loss of benefits,

including, but not limited to, retirement and pension benefits, mental anguish,

emotional distress, and embarrassment, both past and future; and

f.    Such other legal or equitable relief, including injunctive relief, as may be

appropriate to effectuate the purposes of TITLE VII and/or to which she may be

entitled.

## COUNT VI: DAMAGES

111.    The foregoing paragraphs 1-77, 79-84, 86-90, 92-98, 100-104, and 106-110 are re-alleged

and incorporated by reference herein.

112.    As a direct and proximate result of the defendant's conduct, Plaintiff Howard suffered the

following injuries and damages:

a.    Plaintiff was denied the support and guidance afforded to others outside her

protected characteristics to attain promotions, raises, and bonuses resulting in

lost pay, benefits, and opportunities for advancement.

b.    Plaintiff has been subjected to ongoing harassment and disparate treatment, and

a hostile work environment.

c.    Plaintiff suffered the loss of increases in her pension and/or retirement benefits

for the period she has been denied the support and guidance for promotion(s).

    d.    Plaintiff suffered mental anguish and emotional distress in the form of nervousness, facial paralysis, anxiety, a general decrease in overall health, and the lowering of her standing in the eyes of her peers and the community.

    e.    Plaintiff suffered physical illness, a general decline in health, aggravated mental and physical disorders, and emotional distress.

113.    Plaintiff is entitled to compensatory damages, pecuniary and nonpecuniary damages in the form of front pay, back pay, lost wages, and placement in the position(s) she would have worked absent defendant FEMA's discriminatory treatment.

114.    Plaintiff is entitled to an award of attorney fees and costs under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981, and 1981A; 42 U.S.C. 2000e-5(b), The Equal Pay Act, 29 U.S.C. § 206(d), Lilly Ledbetter Fair Pay Act of 2009 and the 14th Amendment to the Constitution of The United States of America. For these reasons, the plaintiff asks for judgment against the defendant for the following:

    a.    An Order enjoining the defendant from any further discrimination, harassment, disparate treatment, retaliation, and reprisal against the Plaintiff now and in the future, and granting any all equitable relief, including affirmative action as is required for equity and justice, § 2000e-5(g),

    b.    Plaintiff is entitled to an award of reasonable attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

    c.    Costs of suit.

    d.    Compensatory Damages

e.    Any and all other relief the court deems appropriate.


**WHEREFORE**, the Plaintiff respectfully prays that this Court provides relief as follows:

1.  Declaring that Defendant FEMA and its Agents and/or supervisors and or other individuals maintained and maintain at FEMA a policy and practice of race, sex discrimination, and retaliation for participating in protected EEO Activity by its managers and supervisors against Plaintiff Eleanor Howard.

2.  Declaring that Defendant FEMA and its managers and/or supervisors maintain at FEMA a policy and practice of discrimination against employees that are Black and female, dark-skinned, and that have prior and or ongoing protected EEO activity.

3.  Directing Defendant FEMA by appropriate injunctive orders to eliminate such policies and practices.

4.  Directing Defendant FEMA to take specific corrective action for the discrimination and retaliation in the past.

5.  Awarding Plaintiff back pay, including lost wages, benefits, bonuses, seniority, front pay, back pay, plus interest, and promotion to a position she would have attained absent said discrimination and or compensation for loss of past and future income in lieu of relocation into the position Plaintiff would have held in the absence of discrimination and retaliation, and whatever compensatory and punitive damages this Court finds due and owed to Plaintiff.

6.  Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to an award of costs, attorneys' fees, and expenses incurred by this litigation.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted this 27th day of November 2022,

**/s/TYRONE TOWNSEND**
TYRONE TOWNSEND (ASB-4782-t72t)
Townsend Law Firm
6 Office Park Circle, Suite 112
Mountain Brook, Alabama 35223
T: (205) 795-3050
F: (800) 410-8132
ty@townsend-lawfirm.com

PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL

FEMA
61 Responder Drive
Anniston, AL 36205